## PIERCE v. PERLITE AGGRE-GATES, Inc. et al.
### No. 6551.

United States District Court,
N. D. California, N. D.

Dec. 23, 1952.

Jamieson & Gabriel, Los Angeles, Cal., for plaintiff.

Naylor & Lassagne and Edward B. Gregg, San Francisco, Cal., for defendants.

LEMMON, District Judge.

Venue in a patent-infringement suit against a foreign corporation and venue in a cross-claim against the same corporation based simply upon diverse citizenship, present the principal legal problems in this case.

### 1. The Various Motions.

There are several motions before this Court. First, there is one filed by the Muehleisen Perlite Process, Inc., a corporation organized and existing under the laws of Texas, and hereinafter referred to as "Muehleisen corporation", and Herman Muehleisen, its co-defendant, to dismiss the amended complaint as to them and also to dismiss the cross-claim filed against them, infra. Second, there is a motion by the plaintiff for the defendants Muehleisen corporation and Herman Muehleisen to appear generally in this action "and to answer the Complaint and the Amended Complaint." This motion includes a request for an order relating to service upon the Muehleisen company and Herman Muehleisen through the Secretary of State of California, in accordance with the Corpora-

tions Code of the State. That Code provides that where an affidavit is made showing that a foreign corporation has not complied with the law by filing with the Secretary of State the required statement designating an agent, the Court may make an order for service of process upon the corporation through the Secretary of State. Corporations Code, § 6501. Third, with respect to the cross-claim filed by Perlite Aggregates, Inc., against its co-defendants, the Muehleisen company and Herman Muehleisen, the cross-claimant has presented a similar application for an order in accordance with the Corporations Code.

Relating as they do chiefly to the controversy between the plaintiff and the defendant Muehleisen and his corporation, the first two motions may be considered together.

Title 28 of the U.S.C.A. contains two venue provisions that have been invoked in the present suit. The first is Section 1391(c):

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The plaintiff contends that the foregoing provision governs the question of venue in the instant case, and that under that provision the Muehleisen corporation, "for venue purposes", may be regarded as having its "residence" in this judicial district, since it is "doing business" here.

The other debated section is 1400(b):

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." (Emphasis supplied.)

The defendant Herman Muehleisen is described in the amended complaint as "a resident of Texas". He has not been personally served. The amended complaint alleges that the Muehleisen corporation "exists only as the alter ego of defendant Herman Muehleisen". The first question now before the Court is whether the Muehleisen corporation can be sued in California in "an action arising under the patent laws of the United States."

The amended complaint sets forth that the Muehleisen corporation is organized and exists "under the laws of the State of Texas and is a citizen and resident of said State," and that "It has at all times mentioned herein been doing business in California and in the Northern Division of the Northern District of California, but has not been licensed under the laws of the State of California to do business in said State."

Pointing out that, as required by Section 1400(b), supra, the amended complaint contains no allegation that the Muehleisen corporation has "a regular and established place of business" in this District, that corporation contends that, as to it, the complaint should be dismissed on the ground of improper venue.

Accordingly, the legal issue is clearly drawn:

Is Section 1391(c) or Section 1400(b) controlling on the question of venue with respect to the Muehleisen corporation?

2. With Regard to the Action by the Plaintiff Against the Muehleisen Corporation, There Is Lack of Proper Venue.

While there is respectable opinion to the contrary, the overwhelming weight of authority is to the effect that, in a case arising under the patent laws, venue, so far as it relates to the defendant corporation, should be determined according to Section 1400(b).

Construing Section 48 of the former Judicial Code, Section 109 of the old 28 U.S.C.A., the predecessor of Section 1400(b), the Supreme Court, in the leading case of Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 562, 563, 565, 62 S.Ct. 780, 86 L.Ed. 1026, used the following language:

> "Section 48 gives jurisdiction of suits for patent infringement to the United States district courts in the district of which the defendant is an inhabitant or

in any district in which the defendant shall have committed acts of infringement *and have a regular and established place of business. * * *·*

\* \* \* \* \* \*

*"We hold that Section 48 is the exclusive provision controlling venue in patent infringement proceedings.*

\* · \* \* \* \* \*

"The Act of 1897 (from which Section 48 was derived) was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights \* \* \*." (Emphasis supplied.)

Declaring that "The Supreme Court recognizes that Section 48 is an enactment limiting a previous broader venue for non-inhabitant defendants in patent cases", our Court of Appeals, in Motoshaver, Inc., v. Schick Dry Shaver, 9 Cir., 100 F.2d 236, 238, 239 (1938), held "that the venue in patent cases is determined by § 48".

It will be observed that this decision by our Court of Appeals preceded the Stonite case, supra, by more than three years. Indeed, it was because of "an asserted conflict" between the Ninth Circuit Court of Appeals in the Motoshaver case, supra, and the Third Circuit Court of Appeals in the Stonite case, supra, 119 F.2d 883, that the Supreme Court granted certiorari in the latter controversy, 314 U.S. 594, 62 S.Ct. 100, 86 L.Ed. 479. See 315 U.S. at page 563,[1] 62 S.Ct. 780.

It will be observed that all the cases so far referred to in this opinion were decided prior to September 1, 1948, the effective date of the new Judicial Code, Title 28. In Farr Co. v. Gratiot, D.C.Cal.1950, 92 F.Supp. 320, 321, Judge Hall noted that, while Section 109 of former Title 28 (Section 48 of the old Judicial Code, supra) did not define "inhabitant", it was settled that under former Section 109 "a corporation was an 'inhabitant', only of the state of its incorporation". Judge Hall also pointed out that Section 1391(c), supra, "does define the word 'residence' of a corporation to include a district where it shall be 'doing business.'" From these two premises—which are unassailable—Judge Hall reasons that "That definition of 'residence' is equally applicable to Sections 1400 (supra) and 1694 of the 1948 Judicial Code." Section 1694 provides that "In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business."

Although there is much to be said in favor of the logic of Judge Hall's view, this Court believes that the great weight of authority is the other way.

In C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 1952, 194 F.2d 410, 414, the Court stressed the view that Congress did not intend to change the then existing law relating to corporate venue in patent cases when, in 1948, it adopted the new Judicial Code:

"In the Stonite case (supra) \* \* \* the court held that a general venue statute must give way to Sec. 48, the special statute relating to venue in patent infringement suits. The court reasoned that the special statute was not affected by general provisions, that the former was adopted 'to define the exact jurisdiction of the federal courts in actions to enforce patent rights,' and that such purpose indicated that Congress did not intend (the Act of 1897) 'to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement

1. See also General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408; Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134 F.2d 545, 547; Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, 4 Cir., 1944, 140 F.2d 47, 50; Urquhart v. American-La France Foamite Corporation, 1944, 79 U.S.App.D.C. 219, 144 F.2d 542, 543, certiorari denied, 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; Blaw-Knox Co. v. Lederle, 6 Cir., 1945, 151 F.2d 973, 974; American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 161 F.2d 956, 958.

proceedings.' True, this decision was prior to the adoption of the present Code and is, therefore, not decisive of the instant question, but the rationale which the court employed is, in our opinion, pertinent to the present situation. Especially is this so when no purpose to change the existing law is evidenced by a reading of the two sections under consideration or by the Reviser's Notes shown in connection therewith. And it doesn't seem likely that Congress would have made such an important departure from the law as it then existed relative to venue in patent infringement cases without so stating.

"Intervenor's argument that the residence of a corporation was not defined in Sec. 1400(b) and that resort must, therefore, be had to Section 1391(c) at least has the virtue of some plausibility; however, we think the argument must be rejected on the basis that the latter section is without application. Moreover, as heretofore stated, the Reviser's Notes unmistakably disclose that the only change made in the patent venue section as it then existed was one of phraseology and not of substance. In fact, the only change made pertinent to the question under discussion, as stated in the Reviser's Notes following Sec. 1400, is as follows: 'Words in subsection (b) "where the defendant resides" were substituted for "of which the defendant is an inhabitant." A corresponding change was made in subsection (a). Words "inhabitant" and "resident," as respects venue, are synonymous.' We think there is disclosed an unmistakable intention as well as purpose neither to enlarge nor diminish the venue in patent infringement suits but to leave it as it then existed, and that means, of course, that under the first alternative of the section a defendant corporation can be sued only in the place of its incorporation."

On April 21, 1952, certiorari in the C-O-Two case, supra, was granted by the Supreme Court. Cardox Corp. v. C-O-Two Fire Equipment Co., 343 U.S. 925, 72 S. Ct. 763, 96 L.Ed. 1336. On October 27, 1952, the case, sub nom. Cardox Corporation, Petitioner, v. C-O-Two Fire Equipment Co., was affirmed by an equally divided Court, 344 U.S. 861, 73 S.Ct. 102, the Chief Justice having taken no part in the consideration or decision of the cause.

In Ackerman v. Hook, 3 Cir., 1950, 183 F.2d 11, 14, the Court said:

"The Reviser's Notes make it evident that today, 1400(b) stands in the same situation as did Section 109 at the time of the Stonite opinion (supra) in 1942 and that the Stonite case is just as much in point now as then. Therefore, since it did not appear on the motion to dismiss that any of the appellees have 'a regular and established place of business' in the Eastern District of Pennsylvania, the Court of that District had no jurisdiction over them under the controlling Section 1400(b)."[2]

3. As to the Cross-Claim, The Question of Venue Should Preferably Not Be Resolved Merely on The Pleadings and The Affidavits.

Ordinarily, when the original claim in connection with which a cross-claim arises is dismissed for lack of jurisdiction, the dismissal carries with it the cross-claim. An exception, however, occurs where the cross-claim, is supported by "independent jurisdictional grounds". 3 Moore's Federal Practice, 2 ed., Section 13.36, page 98.

In the instant case, the cross-claim is based upon the "independent jurisdictional ground" of diversity of citizenship and the requisite jurisdictional amount, rather than upon the patent law. Here the venue is to

2. See also Arkay Infants Wear v. Kline's, D.C.Mo.1949, 85 F.Supp. 98, 100; Gulf Research & Development Co. v. Schlumberger Well Surveying Corporation, D.C. Cal.1950, 92 F.Supp. 16, 18–19, Id., D.

C., 10 F.R.D. 353, 355–356; Barron and Holtzoff, "Federal Practice and Procedure", Rules ed., Vol. 1, 1952 Pocket Part, Section 83, page 42.

be determined under Section 1391(c). As to the venue, however, the defendant Muehleisen also invokes 28 U.S.C.A. § 1391(a), which provides that where jurisdiction "is founded only on diversity of citizenship", the action may "be brought only in the judicial district where all plaintiffs or all defendants reside". Muehleisen points out that he resides in Texas while his co-defendant Perlite Aggregates, the cross-claimant, resides in California. As to him, therefore, he argues the venue is improper.

Both the jurisdictional and the venue questions connected with the cross-claim are answered in the case of Vidal v. South American Securities Co., 2 Cir., 1922, 276 F. 855, 874–875. On a petition for rehearing, the Court there said:

> "We dismiss the original bill in this case because the plaintiff had no lien upon or claim to the securities mentioned under section 57 of the Judicial Code, and also because the defendant Bright was not an inhabitant of the Southern district of New York or served therein. Following the general rule that a cross-bill falls with the original bill, we also dismissed the counterclaims which under equity rules 30 (201 F. v, 118 C.C.A. v) and 31 (198 F. xxvii, 115 C.C.A. xxvii), *are substituted for cross-bills of the defendant* Pan-American Transcontinental Company and of defendant National Railway Construction Company *against defendant* Charles Bright *and defendant* South American Securities Company. The Securities Company only has appealed.

> "As the counterclaims set up causes of action within the jurisdiction of the court as a court of equity, and within its jurisdiction as a federal court because of the citizenship of the parties, except in the case of the defendant Bright, they should not have been dismissed, *but should have been treated as original bills upon the dismissal of the original bill.* (Authorities cited.)" (Emphasis supplied.) [3]

In the case at bar, the cross-claim can be "treated as" an "original" complaint "upon the dismissal of the original bill". So treated, the cross-claim, as has just been stated, exhibits diversity of citizenship as between the cross-claimant and the individual defendant Muehleisen, who, however, has not been personally served.

 As to the Muehleisen corporate defendant, however, there is a remaining difficulty. In two of its memorandums, the cross-claimant insists that it should not be "unceremoniously" dismissed on mere affidavits relating to whether it is "doing business" in California, within the purview of Section 1391(c), supra. Since the cross-claim is not one "for patent infringement", its venue sufficiency is governed by that section and not by Section 1400(b).

While the cross-claimant's adverb "unceremoniously" is not quite appropriate, its objection to having the question of the Muehleisen corporation's residence in California decided on affidavits has some merit.

In McGhan v. F. C. Hayer Co., D.C. Minn.1949, 84 F.Supp. 540, 542, the Court used the following language:

> "But there are cases in which it is not possible to dispose of the issue of jurisdiction on affidavits. The question may be dependent on a determination of the merits of the proceeding. (Cases cited.)"

As was said by the Supreme Court in Gibbs v. Buck, 1939, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, 83 L.Ed. 1111, "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."

### 4. Conclusion.

Accordingly, this Court is of the opinion that, as to the defendants Muehleisen Perlite Process, Inc., and Herman Muehleisen in the principal action, which is one for patent infringement, venue is to be determined according to the provisions of 28 U.S.C.A. § 1400(b), supra; and that, so determined, venue is lacking in this Court as to both said defendants, since neither

---

3. See also American Surety Co. v. Edwards & Bradford Lumber Co., D.C.Iowa 1944, 57 F.Supp. 18, 29.

resides in the State of California or "has a regular and established place of business" in this State. As to both said defendants, therefore, the amended complaint is dismissed for lack of venue.

With reference to the cross-claim, which is bottomed upon diversity of citizenship and not upon the patent laws of the United States, the matter of venue, based as it is upon the question of whether the Muehleisen corporation "is doing business" in this judicial district, within the ambit of Section 1391(c), is left open for determination at a trial of the venue issue.