Roussell I. PICOU, Complainant,

v.

RIMROCK TIDELANDS, INC., Liberty Mutual Insurance Company, and Continental Casualty Company, Respondents.

No. 10426.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 9, 1962.

---

3. See f. n. 1 supra.

S. Roccaforte, New Orleans, La., for complainant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Deutsch, Kerrigan & Stiles, New Orleans, La., for respondents.

AINSWORTH, District Judge.

This is a suit for personal injuries. Pending before the court are two motions, one for default judgment by defendant Continental against co-defendant Rimrock for failure to answer cross-claim, the second by Rimrock for dismissal of the cross-claim of Continental. The question to be determined is whether the prior dismissal of this suit as to defendant Rimrock because of the absence of diversity of citizenship between plaintiff and Rimrock operates, ipso facto, as a dismissal of the cross-claim filed by Continental against Rimrock. Continental's cross-claim was filed prior to dismissal of plaintiff's suit as to Rimrock, and is supported by independent jurisdic-

tional grounds, i. e., diversity between Continental and Rimrock.

Continental, contending that the court has jurisdiction over the cross-claim despite its prior dismissal of Rimrock, relies on Pierce v. Perlite Aggregates, 110 F.Supp. 684 (N.D.Cal.1952) :[1]

"Ordinarily, when the original claim in connection with which a cross-claim arises is dismissed for lack of jurisdiction, the dismissal carries with it the cross-claim. An exception, however, occurs where the cross-claim, is supported by 'independent jurisdictional grounds'. 3 Moore's Federal Practice, 2 ed., Section 13.36, page 98."

Both parties concede in oral argument that Rimrock properly could be brought into these proceedings as a third-party under the Federal Rules of Civil Procedure (Rule 14), 28 U.S.C.A. However, this procedure here would serve no useful purpose and would result only in delay and additional expense.

As stated in Frommeyer v. L. & R. Construction Co., 139 F.Supp. 579 (D.N.J.1956) :

"The aim of procedural rules is facilitation not frustration of decisions on the merits. * * * There can be no doubt that had (cross-defendant) not been a co-party at the time the cross-claims were made it could have been made a third-party under Rule 14. But because it was a co-party * * * the cross-claims were proper. Once proper, they did not cease to be so because the party to whom they were addressed subsequently ceased to be a co-party. This result is clearly contemplated by the language of Rule 13(g)."

The cross-claim of Continental against its co-defendant Rimrock is proper and

---

[1] This case involved a patent infringement, and diversity of citizenship was not necessary to vest the court with jurisdiction. Defendant was dismissed because of lack of venue, but the court entertained the cross-claim against defendant because of independent jurisdictional grounds, i. e., diversity between cross-claimant and cross-defendant.

may stand as such, despite the dismissal of the suit of plaintiff against Rimrock. The motion of Rimrock to dismiss, therefore, is denied and Rimrock is ordered to file answer to the amended cross-complaint of Continental within fifteen days from the date of service of this order.

