Lemuel STINSON, Plaintiff,

v.

S. S. KENNETH McKAY, her engines, etc., and Lykes Brothers Steamship Co., Inc., Defendant-Third-Party Plaintiff,

v.

A. D. SUDERMAN et al., Third-Party Defendants.

Civ. A. No. 71–G–150.

United States District Court, S. D. Texas, Galveston Division.

July 13, 1973.

Arthur L. Schecter, Downman, Jones & Schecter, Houston, Tex., for plaintiff.

F. L. Benckenstein, Benckenstein, McNicholas, Ball, Oxford, & Radford, Beaumont, Tex., for defendants S.S. Kenneth McKay and Lykes Bros. Steamship Co.

Michael O. Connelly, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for third-party defendant Imperial Sugar Co.

Theodore Goller, Fulbright, Crooker & Jaworski, Houston, Tex., for third-party defendants A. D. Suderman and A. D. Suderman Stevedoring Co.

## MEMORANDUM AND ORDER

NOEL, District Judge.

In this Rule 9(h) admiralty action, plaintiff Lemuel Stinson, a longshoreman, is suing the S.S. KENNETH McKAY and its owners, Lykes Brother Steamship Co., Inc., asserting injury from an accident which allegedly occurred aboard the McKAY on December 9, 1968. Pursuant to Fed.R.Civ.P. 14 (c), defendant Lykes filed a third-party action against A. D. Suderman, the A. D. Suderman Stevedoring Co. and the Imperial Sugar Company. The third-party claim concerns an injury which allegedly occurred to plaintiff on March 19, 1970, while he was working for Suderman, under Imperial's direction. Lykes contends that plaintiff presently suffers neurosis partially attributable to the 1970 incident. Lykes concludes that the third-party defendants are thereby partially liable for plaintiff's injuries and should be brought into the suit. Imperial and Suderman challenge that

conclusion. Each third-party defendant has filed a Motion to Dismiss.

Both Suderman and Imperial argue that the absence of a relationship between themselves and Lykes is fatal to the third-party claim against them. The third-party defendants claim they owed no duty to Lykes, breach of which would support a cause of action.

The answer to this contention is that the third-party claim was brought under Fed.R.Civ.P. 14(c), based on the liberal admiralty practice formerly embodied in Admiralty Rule 56. More inclusive than Rule 14(a) which governs third-party practice in civil matters, Rule 14(c) allows a defendant in an admiralty action to assert a claim against any "who may be wholly or partly liable . . . to the plaintiff." Section (c) does not require an indemnity relationship between the defendant and the third-party defendant. Notes of Advisory Committee, 1966 Amendment; Wright. & Miller, Federal Practice & Procedure § 1465 (1971); Note, Admiralty Practice After Unification, 81 Yale L.Rev. 1154, 1172 (1972). No relationship between those parties need exist. Thus the Motions of Suderman and Imperial cannot be granted on that basis.

The second argument made by Suderman and Imperial is more persuasive. They assert that because the March, 1970 accident occurred on the dock and involved shoreside equipment, no federal admiralty jurisdiction exists over the incident. Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). In addition, according to Suderman, the appropriate compensation benefits have been paid and an additional state court judgment has been awarded. Therefore, plaintiff is not entitled to any further damages from the third-party defendants.

In McCann v. Falgout Boat Co., 44 F.R.D. 34 (S.D.Tex.1968), this Court held that the requirement that all claims in an admiralty suit must be maritime in nature was not abrogated by the 1966 unification. The *McCann* decision has

caused considerable comment. Leather's Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800, 810 (2nd Cir. 1971); Watz v. Zapata Off-Shore Co., 431 F.2d 100, 117 (5th Cir. 1970); Wright & Miller, supra § 1465, pp. 348–52, Landers, By Sleight of Rule: Admiralty Unification and Ancillary and Pendent Jurisdiction, 51 Texas L.Rev. 50, 67 (1972); Note, Admiralty Practice After Unification, 81 Yale L.Rev. 1154, 1176–79 (1972).

█ The Court adheres to the *McCann* decision. Regardless of the desirability of appending non-federal, non-admiralty claims to admiralty causes of action through the devices of pendent and ancillary jurisdiction, the use of these devices in admiralty cases was not intended by the 1966 unification and amendment of rules. Any change in this ancient restriction on the Court's jurisdiction should be by explicit alteration of the Rules or statutes.

█ Upon the reasoning of *McCann*, the contention of Suderman and Imperial is well taken. Because the Court has no jurisdiction over any claim based on the March 1970 accident, the third-party action cannot be joined to the main cause. Accordingly, the motions to dismiss urged by the third-party defendants must be granted.

█ Another reason justifying dismissal of the third-party action is the lack of connection between the December, 1968 accident, the subject of the main claim, and the March, 1970 accident, the subject of the third-party action. The two incidents are separated by 15 months, occurred at different locations, and under different circumstances. The only link between the incidents is the involvement of Stinson as the injured party.

To support a third-party action under Rule 14(c), the liability must arise "on account of the same transaction, occurrence, or series of transactions or occurrences." Two accidental events separated by time and space do not satisfy that standard. The multiplication of issues, witnesses and testimony which would result from joining all of an individual's accidents into one lawsuit far offsets any advantages which might obtain. For this second and independent reason, the motions to dismiss must be granted.

Accordingly, the third-party action of Lykes Brothers Steamship Co., Inc. against A. D. Suderman, A. D. Suderman Stevedoring Co. and Imperial Sugar Company must be and is hereby dismissed. Costs assessed against defendant.