Leonard GAUTHIER, Plaintiff,

v.

CROSBY MARINE SERVICE, INC., et al., Defendants.

Civ. A. No. 79–2366.

United States District Court, E. D. Louisiana.

April 8, 1980.

**354**

Rene A. Pastorek, Thomas L. Gaudry, Jr., Daniel A. Ranson, Gretna, La., for defendant Dixie Oil Tools, Inc.

Michael L. McAlpine, John B. Peuler, New Orleans, La., for defendant Crosby Marine Service, Inc.

## MOTION TO DISMISS CROSS–CLAIM

CASSIBRY, District Judge.

The main action is a suit by plaintiff, Leonard Gauthier, against Crosby Marine Service, Inc. ("Crosby"), Dixie Oil Tools, Inc. ("Dixie"), and other defendants for personal injuries he sustained while serving on the M/V RICKY III. Plaintiff's employer, Crosby, was hired to transport some oilwell fishing tools from a dock to a workover rig. Plaintiff fell asleep on the dock while awaiting the arrival of the tools, which were being transported to the dock

1. The other defendants include the owner of the dock and the owner of the workover rig.

by Dixie. The tools were delivered while plaintiff was asleep. When plaintiff awoke and attempted to lift the tools, he allegedly injured himself.

Plaintiff sued Crosby for negligence under the Jones Act and for unseaworthiness and maintenance and cure under the general maritime law. Plaintiff also sued Dixie and other defendants[1] under the general maritime law. Crosby thereupon cross-claimed against Dixie seeking contribution and indemnity and offering Dixie as a substitute defendant. See Fed.R.Civ.P. 14(c).

Dixie then moved to have the plaintiff's main demand against it dismissed for lack of maritime jurisdiction. Conceding that maritime jurisdiction was lacking, plaintiff did not oppose the motion, and plaintiff's claim against Dixie was dismissed.

Dixie now seeks to have the cross-claim filed by Crosby dismissed for lack of subject matter jurisdiction. The parties agree that the cross-claim lacks independent grounds of jurisdiction. It therefore may be maintained only, if at all, as a third-party demand, since the plaintiff's main demand has been dismissed. *Picou v. Rimrock Tidelands, Inc.*, 29 F.R.D. 188 (E.D. La.1962). In *Picou*, the court recognized the rule that a cross-claim is ordinarily dismissed when the original claim to which it is connected is dismissed for lack of subject matter jurisdiction, unless the cross-claim is supported by independent jurisdictional grounds. 29 F.R.D. at 189 *quoting Pierce v. Perlite Aggregates*, 110 F.Supp. 684 (N.D. Cal.1952) *and* 3 Moore's Federal Practice § 13.36 (2d ed.). The *Picou* court nevertheless denied a motion to dismiss—to avoid delay and additional expense—since the intended cross-defendant could properly have been impleaded as a third-party defendant under Federal Rule 14(a).

If the main action in the instant case were an ordinary civil action, third-party impleader would likewise be proper under Rule 14(a) because the third-party demand arises out of the same claim as the main

action. A third-party claim may be maintained in federal court under the doctrine of ancillary jurisdiction even if it does not have independent grounds of jurisdiction, as long as it involves the same set of operative facts giving rise to the main cause of action. *See United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *6 C. Wright & A. Miller, Federal Practice and Procedure* § 1444, at 219–222 (1971) The main cause of action in this case, however, is an admiralty case within the meaning of Federal Rule 9(h). The law is far from settled whether ancillary jurisdiction can apply to an impleader under the provisions of Rule 14(c), which governs third-party practice in maritime suits. *Compare Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800, 810 n. 12 (2d Cir. 1971) *and Spearing v. Manhattan Oil Transportation Corp.*, 375 F.Supp. 764 (S.D.N.Y.1974) *with McCann v. Falgout Boat Co.*, 44 F.R.D. 34 (S.D.Tex. 1968). The Fifth Circuit has expressly recognized the problem, but it has withheld resolution because in the cases under consideration, it did find independent grounds of jurisdiction to support the cross-claims. *In re Motorship Carrier*, 489 F.2d 152 (5th Cir. 1974); *Watz v. Zapata*, 431 F.2d 100 (5th Cir. 1970).

■ Judge Noel argues strenuously against the use of ancillary jurisdiction with Rule 14(c) impleader. *McCann v. Falgout Boat Co.*, 44 F.R.D. 34 (S.D.Tex. 1968), *followed, Stinson v. S. S. Kenneth McKay*, 360 F.Supp. 674 (S.D.Tex.1973). On the other hand, the *McCann* opinion has been roundly criticized. ALI Study of the Division of Jurisdiction Between State and Federal Courts 228 (1969); 3 Moore's Federal Practice ¶ 14.36 (2d ed. 1979); *6 C. Wright & A. Miller, Federal Practice and Procedure* § 1465, at 348–50 (1971); Lander,

By Sleight of Rule: Admiralty Unification and Ancillary and Pendent Jurisdiction, 51 Tex.L.Rev. 50, 63 n. 55 (1972); Comment, Davidson, L., *Impleader of Nonmaritime Claims Under Rule 14(c)*, 47 Tex.L.Rev. 120 (1968); Comment, *Admiralty Practice After Unification: Barnacles on the Procedural Hull*, 81 Yale L.J. 1154 (1972) (hereafter "Barnacles"). I feel compelled to add my weight to the growing body of judicial authority[2] allowing a cause of action lacking independent grounds of jurisdiction to be appended under Rule 14(c) to an admiralty claim, as long as it passes the traditional "same claim" test used for ancillary jurisdiction under Rule 14(a) impleader.[3]

The major argument in favor of ancillary jurisdiction in the admiralty context, as in the civil context, is judicial economy. The arguments against ancillary jurisdiction are history, impermissible enlargement of federal jurisdiction, and possible denial of the third-party plaintiff's right to a jury trial. Judge Friendly found that the historical reasons preventing ancillary jurisdiction in the admiralty context have been ameliorated by the merger of the admiralty rules with the civil rules. *Leather's Best, Inc. v. S. S. Mormalynx*, 451 F.2d 800, 810 n. 12 (2d Cir. 1971); *see* Barnacles, 81 Yale at 1173–76. The other objections voiced in *McCann* are adequately answered by the other authorities cited above. I also note that in this case, the jury trial objection is irrelevant because the case includes a claim under the Jones Act, 46 U.S.C. § 688 (1976), and will be tried to a jury on all claims. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). The interest in judicial economy, then, remaining, I think the intent of the merger of the admiralty with the civil rules was to allow ancillary jurisdiction in admiralty im-

---

**2.** *Fawcett v. Pacific Far East Lines, Inc.*, 76 F.R.D. 519 (N.D.Cal.1977); *Morse Electro Products Corp. v. S. S. Great Peace*, 437 F.Supp. 474 (D.N.J.1977); *Spearing v. Manhattan Oil Transportation Corp.*, 375 F.Supp. 764 (S.D.N.Y. 1974); *see Leather's Best, Inc. v. S. S. Mormalynx*, 451 F.2d 800, 810 n. 12 (2d Cir. 1971) (dicta). *Contra, Young v. United States*, 272 F.Supp. 738 (D.S.C.1967) (based on cases pre-

dating the merger between the civil and admiralty rules).

**3.** For a discussion of the "same claim" test in the Fifth Circuit *see United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967). *See 6 C. Wright & A. Miller, Federal Practice and Procedure* § 1444, at 219 222 (1971).

pleader under Rule 14(c), preserving the substitute defendant practice unique to admiralty.

Because Crosby's cross-claim arises out of the same core of operative facts as plaintiff's main demand, it may be maintained notwithstanding it does not have independent grounds of jurisdiction. Dixie's motion to dismiss is therefore denied.