The **NATIONAL TRUST FOR HISTORIC PRESERVATION, Plaintiff,**

v.

**1750 K INVESTMENT PARTNERSHIP, et al., Defendants.**

Civ. A. No. 83–0375–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 16, 1984.

---

Lawrence E. Freedman, Fairfax, Va., for plaintiff.

Jack L. Gould, Fairfax, Va., for defendants.

## MEMORANDUM OPINION

CACHERIS, District Judge.

Defendant Stuart C. Fisher (hereinafter "Fisher") has moved the court to set aside default judgments granted the plaintiff and a co-defendant, and to dismiss the complaint on the grounds that Fisher was not properly served and did not receive proper notice of the default motion pursuant to Va.Code § 8.01–296 (1977 Repl.Vol.). Upon careful consideration, I conclude that Fisher's motion should be granted and that this case should be dismissed without prejudice.

### I

There are two issues to be resolved in this matter. The first is whether there was proper service of process by the plaintiff upon defendant Fisher pursuant to Va.Code § 8.01–296. Assuming improper service of the original complaint, the second issue is whether the cross-claim filed by a co-defendant against Fisher can survive dismissal of the original complaint for lack of proper service.

### II

A review of the pleadings and the evidence presented at the hearing held on December 6, 1983, results in the following findings of fact:

(1) Plaintiff, the National Trust for Historic Preservation in the United States (hereinafter "National Historic Trust"), filed suit against the defendants in this case on April 11, 1983. The complaint named four defendants: 1750 K Investment Part-

nership, Stuart C. Fisher, George R. Beauchamp, and John W. McTigue.[1]

(2) Service of process was attempted upon defendant Fisher by posting on April 16, 1983, at 3600 South Place, Alexandria, Virginia, (hereinafter "3600 South Place"), and at 608 River Bend Road, Great Falls, Virginia; and on May 2, 1983, at 3600 South Place.

(3) On June 13, 1983, George R. Beauchamp, (hereinafter "Beauchamp") co-defendant, filed a cross-claim against Fisher, a copy of which was mailed to Fisher at 3600 South Place.

(4) Due to Fisher's failure to file responsive pleadings to either the complaint or the cross-claim, default judgments were entered in favor of the National Historic Trust on August 12, 1983, and in favor of cross-claimant Beauchamp on August 18, 1983.

(5) The plaintiff did not mail a copy of the complaint to Fisher at any time prior to the entry of default.

(6) Prior to entry of default in favor of Beauchamp's cross-claim, Beauchamp mailed a copy of his cross-claim to Fisher.

(7) David S. Felter, a private process server, filed an Affidavit stating that when he posted the complaint at 3600 South Place on April 16, 1983, the house appeared to be unoccupied. He testified at the December 6, 1983, hearing to the same effect. In his Affidavit he also stated that on the same date he posted the complaint at 608 River Bend Road, Great Falls, Virginia.

### III

As conceded by Beauchamp in his Opposition to Motion of Stuart C. Fisher to Set Aside Default Judgments, the only issue before this court at this time is whether service of process on Fisher conformed to the relevant Virginia statutory requirements. Section 8.01–296 of the Virginia

Code authorizes service by posting as follows:

b. If such service cannot be effected under subitem a of subdivision 2, then by posting a copy of such process at the front door of such place of abode, provided that not less than ten days before judgment by default may be entered, the party causing service mails to the party served a copy of the pleading and thereafter files in the office of the clerk of the court a certificate of such mailing;

c. The person executing such service shall note the date of such service on the copy of the process so delivered or posted under this paragraph 2.

§ 8.01–296(2). Rule 4(d)(7), F.R.Civ.P., provides that service is sufficient in the federal court if done "in the manner prescribed by the law of the state in which the district court is held . . . ."

It is unnecessary to address the question of whether Fisher's usual place of abode was 3600 South Place or elsewhere on either April 16 or May 2, 1983. Fisher asserts that the plaintiff failed to comply with the requirement of § 8.01–296(2)(b) by mailing a copy of the pleading to Fisher ten days before entry of the default judgment. The plaintiff has not denied this, and cross-claimant Beauchamp has conceded this fact. The question presented, then, is whether plaintiff's failure to comply with the statutory requirements has invalidated this court's jurisdiction.

The applicable rule of law, as stated by both the United States and Virginia Supreme Courts, is that statutes authorizing constructive service of process are to be complied with strictly. *Grannis v. Ordean,* 234 U.S. 385, 395, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914); *Galpin v. Page,* 85 U.S. (18 Wall.) 350, 369, 21 L.Ed. 959 (1873); *New River Mineral Co. v. Seeley,* 120 F. 193, 201 (4th Cir.1903); *Dierkes v. Dierkes,* 268 S.E.2d 142, 145 (W.Va.1980); *Robertson v.*

---

**1.** Defendant 1750 K Investment Partnership was voluntarily dismissed by the plaintiff pursuant to Rule 41(a)(1)(i), F.R.Civ.P. on July 20, 1983. Defendant Beauchamp was voluntarily dismissed by stipulation by the plaintiff, pursuant to Rule 41(a)(1)(ii), on August 19, 1983. Defendant McTigue was voluntarily dismissed by the plaintiff, pursuant to Rule 41(a)(1)(i), on May 31, 1983.

*Stone,* 199 Va. 41, 97 S.E.2d 739, 741 (1957); *Builders' Supply Co. v. Piedmont Lumber Co.,* 122 Va. 225, 94 S.E. 938, 939 (1918); *Crockett v. Etter,* 105 Va. 679, 54 S.E. 864, 865 (1906); *Staunton Perpetual Building & Loan Co. v. Haden,* 92 Va. 201, 23 S.E. 285, 286 (1895).

▮ The Virginia statute authorizing constructive service of process by posting is patently clear. If this method of service is used, "not less than ten days before judgment by default may be entered, the party causing service" must mail a copy of the pleading, in this case the complaint, to the party served. The National Historic Trust did not mail a copy of the complaint to Fisher prior to the entry of the default judgment. Thus, the service on Fisher was not complete and therefore was invalid. As such, this court never had *in personam* jurisdiction over Fisher and the judgment must be vacated.

## IV

[3] Having determined that the court never had jurisdiction to enter judgment against Fisher on the complaint, it must next be determined whether the cross-claim stands on independent jurisdictional grounds so that the judgment entered in favor of Beauchamp may now remain.

Rule 13(g), F.R.Civ.P., provides:

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter ... of the original action ....

Generally, dismissal of the original claim out of which the cross-claim arises does not result in dismissal of the cross-claim if it stands on independent jurisdictional grounds. 3 Moore's Federal Practice, para.

13.36 (2d ed. 1983); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1433 (1971). Upon review of the original complaint and the affidavits filed by the parties in the instant case, it appears that independent jurisdictional grounds would exist between the parties to the cross-claim through diversity. The difficulty in this case, however, is that the court has never had *in personam* jurisdiction over defendant Fisher because he was never served with the original complaint. Cross-claimant Beauchamp properly filed his cross-claim and mailed a copy of it to Fisher on June 13, 1983, using the 3600 South Place address. Beauchamp then moved for default judgment on August 17, 1983, which was granted on August 18, 1983. Beauchamp now asserts that he fully complied with Virginia's notice requirement in § 8.01–296(2)(b) because he mailed a copy of his cross-claim to Fisher more than ten days prior to the entry of the default judgment.[2] The problem which I find fatal to Beauchamp's position is that *in personam* jurisdiction was never established over Fisher since Fisher was not on notice of the original complaint.

It has been held that where there is an independent basis of jurisdiction the cross-claim can be treated as if it were an original complaint for purposes of jurisdiction, thereby surviving dismissal of the complaint from which the cross-claim arose. *See Devex Corp. v. General Motors Corp.,* 569 F.Supp. 1354, 1360 n. 26 (D.Del.1983). Those cases, however, are distinguishable from this case. In *Pierce v. Perlite Aggregates,* 110 F.Supp. 684, 688 (N.D.Cal.1952), for example, the court faced a similar situation where the defendant had not been personally served, but had made an appearance to contest the court's jurisdiction of a com-

2. Beauchamp is correct only if proper service by posting was accomplished. There is no indication in the record that Beauchamp made any attempt to serve the cross-claim by posting. Beauchamp relies upon the alleged service by posting of the original complaint. Even assuming the original complaint was properly posted (an issue the court does not reach here), Beauchamp was well aware that there was a service problem with the original complaint. On May 23, 1983, Beauchamp filed a Motion to Quash Service of Summons and Complaint, and to Dismiss for Lack of Subject Matter Jurisdiction, asserting that the plaintiff had failed to properly execute service by posting in accordance with Va.Code § 8.01–296(2)(b). Thus, when Beauchamp filed his cross-claim and mailed it to Fisher, he knew there was a question as to whether the court had *in personam* jurisdiction over the defendants in the case.

plaint and cross-claim based on improper venue. The court dismissed the principal action for lack of venue, but left open for determination whether venue was proper as to the cross-claim parties. The case now before this court is distinguishable. In *Pierce* the court was not addressing the merits of the claims, but only the issue of venue. Here, survival of the cross-claim will result in a disposition of the merits, albeit by default.

In *Picou v. Rimrock Tidelands, Inc.,* 29 F.R.D. 188 (E.D.La.1962), the original complaint was dismissed because of the absence of diversity of citizenship between the plaintiff and one of the defendants. A co-defendant who had filed a cross-claim moved for default judgment because the cross-claim had not been answered. The court, citing *Pierce,* held that dismissal of the original complaint did not act to dismiss the cross-claim. But *Picou* is distinguishable, first, because it appears that all parties were properly before the court and, second, because the result, again, was not a disposition on the merits of the cross-claim since the court did not grant the default judgment, but rather ordered the cross-claim defendant to answer.

■ I agree with the established rule that dismissal of the original claim does not automatically result in the dismissal of the cross-claim where there is independent jurisdiction established for the cross-claim. The rule is inapplicable in the instant case because independent jurisdiction over the cross-claim defendant, Fisher, did not exist to support the cross-claim upon dismissal of the original complaint. Fisher was never served in this case. Thus, unless the cross-claimant executed independent service of process of the cross-claim, the lack of *in personam* jurisdiction as to the original complaint necessarily extends to the cross-claim as well. Furthermore, to hold otherwise, I believe, would result in a denial of due process. I believe that in order for this court to have independent jurisdiction over the cross-claim of a co-defendant, the cross-claim defendant must have been properly served with the original complaint. Other-

wise, a default judgment against the cross-claim defendant would result in judgment where that cross-claim defendant was never properly served and never on notice of the claim against him. Because Fisher was never properly served, I find this case distinguishable from the general rule, and accordingly, Fisher's motion to set aside the default judgment on the cross-claim will be granted.

The court shall further dismiss the case without prejudice in order to afford all parties the opportunity to properly establish jurisdiction and litigate their claims.