**CAPITAL TRANSPORTATION CORPORATION, Operator of THE Diesel Tug Z–SEVEN, Libellant,**

v.

**J. C. THELNING, d/b/a Thelning Marine Shop and Sumter Machine Company, Libellees.**

No. 1086.

United States District Court
E. D. South Carolina,
Charleston Division.

Nov. 14, 1958.

**380**

Sinkler, Gibbs & Simons, Charleston, S. C., for libellant.

Hagood, Rivers & Young, Charleston, S. C., for libellee Sumter Machinery Co.

Mitchell & Horlbeck, Charleston, S. C., for libellee J. C. Thelning, d/b/a Thelning Marine Shop.

WYCHE, District Judge (sitting by designation).

This is a suit in admiralty brought by the libellant against the libellee Thelning alleging that the libellee failed to make certain repairs properly to a tug.

The libellee Thelning seeks to bring in the Sumter Machinery Company, a South Carolina corporation, under Admiralty rule 56, 28 U.S.C.A., by alleging that the materials for the bearings in the engines had been furnished and poured and the bearings re-babbitted by the Sumter Machinery Company.

The Sumter Machinery Company has filed exceptions to the petition that it be impleaded on the ground that the obligation in the agreement between the libellee Thelning and the Sumter Machinery Company is non-maritime.

There is no allegation that the arrangement under which the bearings were furnished and poured by the Sumter Machinery Company was a maritime contract or that the Sumter Machinery Company had any knowledge that the work in pouring and re-babbitting the bearings had anything to do with a maritime contract.

Rule 56 allows the bringing in of additional parties who may be wholly or partially liable to the libellant or respondent in Admiralty but does not extend to common law actions.

The Court of Appeals for the Second Circuit in the case of Aktieselskabet Fido v. Lloyd Braziliero, 283 F. 62, has decided that Rule 56 does not enlarge the admiralty jurisdiction by permitting a party to be impleaded in a matter respecting which it would otherwise have no jurisdiction, but merely permits the respondent to bring in a party jointly liable for the wrong complained of in a case within the admiralty jurisdiction, whether the case is one of collision or not, that admiralty jurisdiction extends to all maritime contracts, but does not take cognizance of agreements not in themselves maritime, that courts cannot give admiralty jurisdiction over a cause of action within the sole jurisdiction of common law by means of a rule in admiralty and that where the principal subject-matter of a contract belongs to the jurisdiction of a court of common law or of equity, the whole contract belongs there and admiralty will not take jurisdiction, even though incidental matters connected with the contract might in themselves be cognizable in the admiralty.

In the case of Reichert Towing Line v. Long Island Machine & Marine Const. Co., D. C., 287 F. 269, which follows the Fido case, supra, and which is substantially on all-fours with the facts in this suit, the libellee attempted to implead the company which furnished a defective cylinder to the libellee. The Court held that a Court of Admiralty has no jurisdiction of non-maritime subjects and

sustained the Exceptions to the Petition to implead.

The Sumter Machinery Company is entitled to a jury trial in connection with an obligation that is non-maritime under the Seventh Amendment to the Constitution of the United States.

For the foregoing reasons, I am of the opinion that the obligation of the Sumter Machinery Company is non-maritime and that the petition to implead the Sumter Machinery Company should be dismissed.

It is, therefore, ordered, that the Exceptions to the petition be sustained and the petition to implead be dismissed.