OROCO MARINE, INC., Plaintiff,

v.

NATIONAL MARINE SERVICE, INC.,
Defendant-Third-Party Plaintiff.

v.

GEORGE ENGINE COMPANY, INC.,
Third-Party Defendant.

Civ. A. No. 74–H–27.

United States District Court,
S. D. Texas,
Houston Division.

May 6, 1976.

John K. Meyer, Hinds & Meyer, Houston, Tex., for plaintiff.

Joseph Newton, Fulbright & Jaworski, Houston, Tex., for National Marine Service.

Robert Taylor, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for George Engine Co.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

The third-party defendant, George Engine Company, Inc., has demanded a trial by jury of the fact issues raised by the Third-Party Complaint, a demand opposed by the defendant-third-party plaintiff, National Marine Service, Inc. Because the Complaint filed by the plaintiff, Oroco Marine, Inc., is designated as an admiralty or maritime claim within the meaning of Rule 9(h), Fed.R.Civ.P., to which no right to a trial by jury attaches, see Rule 38(e), Fed.R.Civ.P., and because a party's Seventh Amendment right to jury trial must be protected, see Rule 38(a), Fed.R.Civ.P., the Court must scrutinize with care the third-party defendant's jury request.

### I.

Plaintiff seeks to recover for losses incurred by the alleged failure of the defendant-third-party plaintiff to deliver two used diesel engines in accordance with an agreed-to delivery date and in a non-defective condition. As stated above, the plaintiff has elected to bring its breach of contract action pursuant to Rule 9(h), Fed.R.Civ.P. Moreover, the defendant-third-party plaintiff admits that its contract with the plaintiff is maritime in nature, that the Court does have admiralty jurisdiction over plaintiff's claim, and that Rule 38(e), Fed.R.Civ.P., precludes a trial by jury. The defendant-third-party plaintiff has in turn filed a third-party action against the supplier of the engines asserting that, to the extent it is declared liable to the plaintiff, it is entitled to indemnity from the third-party defendant for failure to timely supply the two engines.

### II.

The third-party defendant's entitlement to a trial by jury depends upon the nature of the jurisdictional power, if any, which the Court has over the third-party action, and, if multiple jurisdictional grounds exist, whether or not the third-party plaintiff has labelled its action as a maritime and admiralty claim within the meaning of Rule 9(h), Fed.R.Civ.P. Addressing the Rule 9(h) question first, the third-party plaintiff has not opted to denote its Third-Party Complaint as one within the maritime and admiralty jurisdiction. However, as noted above, the Rule 9(h) maritime designation, or the lack of it, is important only when the Court possesses both an admiralty and an independent jurisdictional base over the action. *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249, 1252 (5th Cir. 1975). As the rule explicitly sets out, if the claim is cognizable only in admiralty, then the special admiralty rules will govern regardless of whether or not the complaint contains a Rule 9(h) designation, and the parties will not be entitled to a trial by jury. Rule 38(e), Fed.R.Civ.P. However, if a non-maritime ground for subject matter jurisdiction also exists, such as diversity of citizenship, and a Rule 9(h) declaration has not been made, then the action proceeds under the general rules of civil procedure, *Romero v. Bethlehem Steel Corp., supra;* G. Gilmore & C. Black, The Law of Admiralty 19 (2d ed. 1975), and the third-party defendant is entitled to a trial by jury. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798, *reh. den.,* 369 U.S. 882, 82 S.Ct. 1137, 8 L.Ed.2d 284 (1962); *Alaska Barite Co. v. Freighters, Inc.,* 54 F.R.D. 192 (N.D.Cal. 1972).

### III.

On March 18, 1976, the third-party plaintiff submitted a written request for admissions of fact by the third-party defendant which would establish that the corporate litigants to the third-party action are of diverse citizenship as defined in 28 U.S.C. § 1332(c). Because a period in excess of 30

days has elapsed since service of the request without reply from the third-party defendant, these jurisdictional facts are deemed admitted. Rule 36(a), Fed.R.Civ.P. Therefore, the Court finds that jurisdiction based on diversity of citizenship exists over the third-party action.

■ Under the principles enunciated above, the absence of a Rule 9(h) admiralty designation in the Third-Party Complaint and the presence of diversity jurisdiction over the third-party claim mandates that the third-party defendant's jury request be granted. However, the third-party plaintiff argues that no jurisdictional allegation was made in the Third-Party Complaint because of the declaration in Rule 8(a), Fed. R.Civ.P., that a jurisdictional statement is not necessary if the Court "already has jurisdiction and the claim needs no new grounds of jurisdiction to support it". The third-party plaintiff hints that because it presumed the existence of admiralty jurisdiction over the third-party action, it should not be bound automatically by the consequences which flow from failure to designate as an admiralty claim.

■ Even if this Court were to find that jurisdiction in admiralty also exists over the third-party claim, a conclusion not supported by the cases presented to the Court,[1] the Court would be unwilling to

1. The third-party plaintiff does not contend that its contract with the third-party defendant was a maritime contract which would vest this Court with admiralty jurisdiction. *See, e. g., Linen Thread Co. v. Shaw*, 9 F.2d 17 (1st Cir. 1925); *Capital Transportation Corp. v. Thelning*, 167 F.Supp. 379 (E.D.S.C.1958). Rather, the third-party plaintiff proposes a roundabout method for establishing admiralty jurisdiction over the third-party action.

The third-party plaintiff starts with the premise that its action is, in reality, a claim for fraudulent misrepresentation alleging that, because of assurances from the third-party defendant that the two engines would be delivered by a certain date, it was fraudulently induced to enter into the maritime contract with Oroco Marine. From this assumption as to the nature of the third-party action, the third-party plaintiff reasons that: the third-party action therefore is closely intertwined with the maritime case-in-chief; the courts, including the Supreme Court, have recognized that a court with independent admiralty jurisdiction also has the jurisdictional power to hear a collateral equitable claim sounding in fraud, *see, e. g., Archawski v. Hanioti*, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676 (1956); *Swift & Co. v. Compania Columbiana*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); *Putnam v. Lower*, 236 F.2d 561 (9th Cir. 1956); and, therefore, this Court should deem the third-party action to be within the admiralty jurisdiction.

The Court cannot adopt the analysis and conclusion urged by the third-party plaintiff. Even assuming that the Third-Party Complaint does indeed assert a claim for fraudulent inducement, which is not readily apparent from a reading of the pleading, the proposed bootstrap of the third-party claim for fraud to the maritime case-in-chief is not supported by the case law upon which the third-party plaintiff relies. In each of the cases cited above, the court had maritime jurisdiction over all the parties to the dispute. The problem confronted was whether or not a court sitting in admiralty could hear a subsidiary equitable issue, such as fraud, in view of the traditional maxim that an admiralty court is without power to entertain a claim for equitable relief. *See The Eclipse*, 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269 (1890). The courts have concluded that such a power is possessed because

"where the first and fundamental exercise of judicial power is maritime, and the issue of fraud arises incidental to its general jurisdiction, then a court of admiralty may deal with the question of fraud, though intrinsically non-maritime, pursuant to its power to make a complete adjustment of rights over which admiralty has independent jurisdiction. . .

Accordingly, where the original jurisdiction is maritime, a court of admiralty may entertain an issue of fraud, mistake, or other equitable claim, where either is alleged as affecting the rights of parties to a maritime action."

*Putnam v. Lower, supra*, at 569 (footnotes omitted).

Here, the jurisdictional question is not whether the Court should hear a collateral question of common law fraud which has arisen between parties already subject to the Court's admiralty jurisdiction. Rather, the threshold inquiry is the source of the Court's jurisdictional power over an additional party and a separate cause of action which has no independent maritime nature. The cases relied upon by the third-party plaintiff do not address this issue and thus do not support the third-party plaintiff's contention that independent admiralty jurisdiction exists over the third-party claim. Because the Court cannot locate any authorities which would support the third-party plaintiff's position, the Court is of the opinion that there is no admiralty jurisdiction over the third-party action.

deprive the third-party defendant of the jury trial which it has demanded. The intentions of the third-party plaintiff and its reasons for failing to include a Rule 9(h) designation are not relevant. As stated *per curiam* by the United States District Court for the State of Maryland under similar circumstances:

> "All parties agree that it was the intention of the plaintiffs here to bring an admiralty and maritime claim, but it is clear from the general principles stated above, that the claim was not properly identified as an admiralty and maritime claim under Rule 9(h). Consequently, third-party defendant cannot be deprived—without its consent—of the jury trial which it demanded. . . . Where a complaint is not clearly identified as an admiralty claim, as provided in Rule 9(h), and some other ground is pleaded which would bring the case within the jurisdiction of a district court, a timely request by a defendant or a third-party defendant for a jury trial must be honored."

*Banks v. Hanover Steamship Corp.,* 43 F.R.D. 374, 382 (D.Md.1967) (*per curiam*).

Finally, the third-party plaintiff urges the Court at length to apply the doctrine of ancillary jurisdiction to the third-party action. However, application of this special "back-up" jurisdictional theory is not necessary if the Court has determined that a primary jurisdictional base exists which allows the Court to take cognizance of the action and the matters raised therein. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1444, at 215–18 (1971). Since diversity of citizenship between the parties to the third-party suit has been established, there is no need to resort to the theory of ancillary jurisdiction.[2]

---

2. Because resort to the concept of ancillary jurisdiction is unnecessary due to the presence of diversity jurisdiction, this Court need not confront the two difficult questions raised by the suggested application of an ancillary theory of jurisdiction: (1) whether Rule 14, Fed.R. Civ.P., permits a non-maritime claim to be impleaded with a maritime case-in-chief, *see Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 810 n. 12 (2d Cir. 1971); *Stinson v.*

IV.

The Court therefore concludes that the third-party defendant is entitled to a jury trial of the issues raised by the third-party action. The Court has further determined that of the available logistical alternatives, a single trial will be conducted with the Court deciding the questions of fact pertinent to the main claim and the jury resolving all issues pertinent to the third-party action.

*S.S. Kenneth McKay,* 360 F.Supp. 674 (S.D. Tex.1973); *McCann v. Falgout Boat Co.,* 44 F.R.D. 34 (S.D.Tex.1968); and (2) whether, if such impleader is allowed, the third-party defendant is entitled to a trial by jury. *See, e. g., McCann v. Falgout Boat Co., supra*; Landers, *By Sleight of Rule: Admiralty Unification and Ancillary and Pendent Jurisdiction,* 51 Tex.L. Rev. 60–72 (1972).