Vikki-Marie FAWCETT, Individually and as personal representative of Herbert William Fawcett, Jr., Deceased, Plaintiff,

v.

PACIFIC FAR EAST LINES, INC., a corporation, Defendant.

PACIFIC FAR EAST LINE, INC., a corporation, Third-Party Plaintiff,

v.

UNITED STATES of America and SIU–PD & PMA Seafarers' Medical Center, Third-Party Defendants.

No. C–76–2745–CBR.

United States District Court, N. D. California.

Nov. 11, 1977.

Lyle C. Cavin, Jr., San Francisco, Cal., for plaintiff.

Meadows, Finan & Dorris, John F. Meadows, San Francisco, Cal., for defendant and third-party plaintiff Pacific Far East Line, Inc.

Hassard, Bonnington, Rogers & Huber, James N. Penrod, San Francisco, Cal., for

third-party defendant SIU–PD & PMA Seafarers' Medical Center.

James L. Browning, Jr., U. S. Atty., Robert S. Mueller, III, Asst. U. S. Atty., San Francisco, Cal., for third-party defendant United States of America.

## ORDER GRANTING MOTION FOR JURY TRIAL

RENFREW, District Judge.

This motion presents the question of the right to jury trial in a third-party action filed pursuant to Rule 14(c),[1] Fed.R.Civ.P., but not identified as an admiralty claim pursuant to Rule 9(h),[2] Fed.R.Civ.P. Plaintiff Vikki-Marie Fawcett filed the original complaint in the case on December 8, 1976, seeking damages against Pacific Far East Line, Inc. ("PFEL"), for the death of her husband while working as a crewman on board a vessel afloat in navigable waters and owned by PFEL. Jurisdiction was invoked under the Jones Act, 46 U.S.C. § 688, and the general maritime law. A jury demand was made. On February 8, 1977, PFEL filed a third-party complaint naming the United States and SIU–PD & PMA Seafarers' Medical Center ("Seafarers") as defendants, and stating that the third-party action was brought pursuant to Rule 14(c).

The claim against Seafarers is based on allegations that Seafarers negligently certified plaintiff's decedent as physically qualified to commence the voyage on which he died, thus breaching its undertaking to provide adequate physical examinations for potential crewmembers on PFEL vessels, and for plaintiff's decedent in particular. This claim is cognizable in admiralty whether it is pursued on a theory of contract, see *Kossick v. United Fruit Co.*, 365 U.S. 731, 736–738, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); *Methodist Episcopal Hospital v. Pacific Transport Co.*, 3 F.2d 508 (N.D.Cal.1920); cf. *Ryan Co. v. Pan-Atlantic Corp.*, 350 U.S. 124, 133–134, 76 S.Ct. 232, 100 L.Ed. 133 (1956); or tort, see generally *Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 266, 268, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Oppen v. Aetna Insurance Co.*, 485 F.2d 252, 256–257 (9 Cir. 1973); 7A Moore's Federal Practice ¶.325 at 3541 (1976–77 Supp. at 112–119). However, PFEL did not identify it as an admiralty or maritime claim pursuant to Rule 9(h).

In its answer, Seafarers contested the applicability of Rule 14(c) and demanded a jury trial. It does not now challenge the propriety of the Rule 14(c) joinder, which appears to have been proper despite the fact that claims filed under the Jones Act with a jury demand are generally viewed as suits at law cognizable under the federal question jurisdiction, 28 U.S.C. § 1331. *Saus v. Delta Concrete Co.*, 368 F.Supp. 297, 298 (W.D.Pa.1973); *McCune v. F. Alioto Fish Co.*, No. C–73–505–ACW (N.D.Cal., July 9, 1975); see *Haskins v. Point Towing*

---

1. Rule 14(c) provides:

    "When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff."

2. Rule 9(h) provides:

    "A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h)."

*Co.*, 395 F.2d 737, 741 (3 Cir. 1968) (unseaworthiness and maintenance and cure claims joined with Jones Act claim on law side retain procedural advantages of admiralty). On civil jurisdiction under the Jones Act, *see Panama R.R. Co. v. Johnson*, 264 U.S. 375, 390–391, 44 S.Ct. 391, 68 L.Ed. 748 (1923); C. Wright & A. Miller, Federal Practice and Procedure § 2315 (1971).

■ On August 5, 1977, Seafarers moved for a ruling that it was entitled to a jury trial, and the motion was submitted on the briefs on September 15, 1977. On this issue, Seafarers appears to be contending that the plaintiff's constitutional right to jury trial in the original action attaches to the third-party complaint as well, and that it cannot be destroyed by the fact that the third-party complaint is filed in admiralty. This view flies in the face of Rule 38(e),[3] Fed.R.Civ.P., and cannot be supported. Without more, there is no right to jury trial in a third-party action in admiralty merely because the original complaint is within the civil jurisdiction, even where the plaintiff has demanded a jury trial. *McCrary v. Seatrain Lines, Inc.*, 469 F.2d 666 (9 Cir. 1972); *Elverfeld v. Central Gulf S.S. Co.*, 1974 A.M.C. 409 (N.D.Cal.1973); *see Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3 Cir. 1969); *Oroco Marine, Inc. v. Nat. Marine Service, Inc.*, 71 F.R.D. 220, 221 (S.D. Tex.1976); *Cantey v. Flensburger Dampfercom. Harald Schuldt & Co.*, 55 F.R.D. 127 (E.D.N.C.1971).

■ The initial question for decision is thus whether the claim against Seafarers is one in admiralty within the meaning of Rule 9(h), despite PFEL's failure to so designate its claim. Under that rule, an unidentified claim will be treated as an admiralty claim if it is cognizable only in admiralty. Here, there is no question that no independent alternative basis for federal jurisdiction is available on the facts alleged. The claim may thus be heard outside of admiralty only if civil claims may be brought pursuant to Rule 14(c), appended to maritime actions under the doctrine of ancillary jurisdiction, and thereafter retain their civil nature (including the right to jury trial)—three questions which are currently a matter of some dispute. *See Oroco Marine, Inc. v. Nat. Marine Service, Inc., supra,* 71 F.R.D. at 223 n. 2, and cases cited therein. After careful consideration of the conflicting authorities on this issue, the Court concludes that the better view is that espoused by Messrs. Wright and Miller and, apparently, the Courts of Appeal for the Second and Ninth Circuits, i. e., that such claims are cognizable under the doctrine of ancillary jurisdiction and that they are not thereby transformed into claims in admiralty, but retain their legal character and the accompanying procedural incidents. *McCrary v. Seatrain Lines, Inc., supra,* 469 F.2d at 668 (semble); *Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800, 810 n. 12 (2 Cir. 1971) (dictum); C. Wright & A. Miller, Federal Practice and Procedure § 1465 at 348–352 (1971); *see* American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts 228 (1969); Note, Admiralty Practice After Unification: Barnacles on the Procedural Hull, 81 Yale L.J. 1154, 1176–1178 (1972). *But see Stinson v. S. S. Kenneth McKay,* 360 F.Supp. 674, 676 (S.D.Tex.1973); *McCann v. Falgout Boat Company,* 44 F.R.D. 34 (S.D.Tex.1968). *See generally* Lander, By Sleight of Rule: Admiralty Unification and Ancillary and Pendent Jurisdiction, 51 Tex.L.Rev. 50, 60–74 (1972).

■ Since the third-party action is neither identified nor solely cognizable in admiralty, it must be regarded as a legal claim, accompanied by the right to jury

---

**3.** Rule 38(e) provides:

"These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

The Supreme Court has fashioned a right to jury trial, grounded in the interest in efficient administration of justice and the court's power over the rules of admiralty, which is available under some circumstances in admiralty actions joined with Jones Act claims. *Fitzgerald v. United States Lines,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). The applicability of the *Fitzgerald* principle to third-party practice is the subject of a sharp conflict of authority, which need not be resolved here. *See infra.*

**522**

trial. Neither the third-party plaintiff's subjective intention to bring the claim in admiralty nor its belief that such a claim could only be brought in admiralty under Rule 14(c) is sufficient to excuse the lack of proper identification. *Oroco Marine, Inc. v. Nat. Marine Service, Inc., supra,* 71 F.R.D. at 223; *Banks v. Hanover Steamship Corp.,* 43 F.R.D. 374, 382 (D.Md.1967) (*per curiam*); cf. *Romero v. Bethlehem Steel Corporation,* 515 F.2d 1249, 1252–1253 (5 Cir. 1975).

Because the third-party defendant is entitled to jury trial as a matter of right, the Court need not consider the effect in these circumstances of *Fitzgerald v. United States Lines,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). The Supreme Court there held that a plaintiff's maintenance and cure and unseaworthiness claims arising out of the same set of facts as a Jones Act claim which is to be tried to a jury must be tried to the jury as well. The principle underlying that decision—that a single trier of fact should, in the interests of efficiency and fairness, resolve all the closely related factual issues raised by such claims—has led some courts to require a jury trial on claims for indemnity brought in admiralty against third parties. *See Close v. Calmar Steamship Corp.,* 44 F.R.D. 398 (E.D.Pa.1968), *aff'd, Blake v. Farrell Lines,* 417 F.2d 264 (3 Cir. 1969); *Gyorfi v. Partrederiet Atomena,* 58 F.R.D. 112 (N.D. Ohio 1973). Although unnecessary to disposition of the motion in the present posture of the case, it is worth noting that the persuasiveness of this principle is seriously diluted where the United States is also a third-party defendant, with the result that a number of issues relevant to the claim against Seafarers must be tried to the Court in any case.

For the reasons stated above, IT IS HEREBY ORDERED that the motion for a jury trial of third-party defendant SIU–PD & PMA Seafarers' Medical Center is granted.