Richard E. OELZE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83–4084

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1983.

Rehearing Denied Dec. 28, 1983.

Joe Alfred Izen, Jr., Houston, Tex., for petitioner-appellant.

John H. Menzel, Director, Tax Litigation Div., Office of Chief Counsel, Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief Appellate Section, Ann Belanger Durney, Tax Div., Terry L. Fredricks, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Taxpayer Richard E. Oelze, Jr., appeals a ruling by the United States Tax Court upholding deficiencies and penalties assessed against him and his spouse, Frances E. Oelze, for the 1978 and 1979 tax years. Finding that Richard Oelze has no standing to contest the determination of deficiency against Frances Oelze, and finding his other arguments to be without merit—indeed, wholly frivolous—we affirm the decision of the tax court.

I.

Richard Oelze filed federal form 1040 tax returns for the 1978 and 1979 tax years which, save for his name, address, filing status (married, filing separately), and claimed exemptions, contained only the phrases, "none" or "object self incrimination" on each line relevant to the calculation of his tax liability. In reviewing Forms 1099 filed by a Houston construction firm, the Internal Revenue Service determined that Oelze had received commission payments from the firm in amounts exceeding $27,000 in 1978, and $15,000 in 1979. Based on these amounts, the Commissioner sent a deficiency notice to Oelze, informing him that he owed $8,921.22 in federal income taxes and penalties for the two years.

The Commissioner simultaneously sent deficiency and penalty notices to Frances Oelze.

Both Richard and Frances Oelze filed petitions in the United States Tax Court requesting a redetermination of the deficiency, taking into account various deductions to which they claimed entitlement. They also again asserted, without stating any grounds or reasons, their right to rely on the fifth amendment in refusing to supply the Commissioner with information relevant to determining their tax liability. The tax court consolidated the petitions for the purposes of trial, briefing, and opinion, and the Commissioner began to seek discovery of relevant financial information.

The Commissioner made an informal and then a formal request for information from the Oelzes. That approach having failed, he filed a motion with the tax court requesting an order compelling the Oelzes to produce the requested documents and answer the interrogatories or suffer dismissal of their suit. Numerous delays caused by the Oelzes, including their repeated failure to provide the requested information based on their unsupported fifth amendment claim, required the tax court to issue at different times three more discovery orders. None of these ever resulted in the Commissioner's obtaining the information he needed.

Finally, at the calendar call before trial, the Commissioner renewed his motion to dismiss the petitions for failure to comply with discovery requests. An associate attorney from the offices of the Oelzes' counsel of record, who evidently was totally unfamiliar with the case, responded only by requesting a continuance. The tax court granted the Commissioner's motion and ordered both cases dismissed for failure to comply with the discovery orders. It issued separate orders dismissing the petitions of Richard Oelze and Frances Oelze and upholding the Commissioner's determination of deficiencies and penalties against each of them.

Richard Oelze filed a motion for reconsideration, which the tax court denied. Frances Oelze did not file such a motion. The Oelzes filed a joint notice of appeal. This court granted the Commissioner's motion to dismiss Frances Oelze's appeal because it was not timely.

Richard Oelze now appeals the decision of the tax court dismissing his petition and that of his wife, arguing that the tax court erred in "unconsolidating" the cases for the purpose of entering judgment, and that the tax court improperly dismissed his petition at calendar call without giving him adequate time to prepare a case against dismissal.

## II.

Oelze argues that the tax court erred in entering separate judgments against each of the Oelzes. The trial court has broad discretion over consolidation. *Bottazzi v. Petroleum Helicopters, Inc.,* 664 F.2d 49, 50 (5th Cir.1981). The tax court, the trial court in this case, consolidated Richard and Frances Oelzes' petitions for the purposes of trial, briefing, and opinion. It did not consolidate them for the purpose of rendering judgment. Consequently, it did not, as Oelze argues, arbitrarily "unconsolidate" them. Consolidation does not merge the cases or make a party to one action a party to the other. *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933). Richard Oelze, therefore, has no standing to appeal the dismissal of Frances Oelze's petition.

Oelze also argues that the tax court denied him due process by granting the Commissioner's motion to dismiss at the calendar call before the hearing. Oelze argues that he was unfairly surprised, and did not have time to prepare an argument against dismissal. In the light of the tax court's repeated orders to comply with the Commissioner's discovery requests and admonishments that failure to comply would result in dismissal, we simply do not agree that Oelze was surprised unfairly. In fact, under the circumstances, the tax court treated Oelze charitably throughout the pendency of his action. It did not abuse its discretion in dismissing Oelze's petition for

failure to comply with its four discovery orders. *See, e.g., Watson v. Commissioner,* 690 F.2d 429, 431 (5th Cir.1982) (interpreting Tax Court Rule 123(b), allowing dismissal for failure to prosecute).

Finally, Oelze argues that he had no opportunity to challenge the tax court's decision on his fifth amendment arguments in adversarial enforcement proceedings. We find this argument meritless. When Oelze finally proffered documents in response to the discovery orders, they only partially complied with the orders. The tax court returned the proffered documents to Oelze who, in turn, voluntarily gave them to the Commissioner. The Commissioner, understandably, did not invoke yet another futile enforcement proceeding but chose to rely on Tax Court Rule 104 to request dismissal, as he was entitled to do. Further, Oelze could have contested dismissal and presented his fifth amendment argument at calendar call, but he failed to do so.

After consideration of all of Oelze's arguments, and finding them wholly frivolous, we affirm the decision of the tax court dismissing Oelze's petition.

The Commissioner requests this court to award costs and damages against Oelze pursuant to Internal Revenue Code section 7482, authorizing such awards when the appellate court affirms the decision of the tax court and determines that the taxpayer took the appeal merely for delay. The Commissioner makes the same request under 28 U.S.C. § 1912, and Federal Rule of Appellate Procedure 38, authorizing this court to impose damages and single or double costs for frivolous appeals. Without determining Oelze's intent or purpose, we award double costs to the Commissioner against Oelze for taking this frivolous appeal. Fed.R.App.P. 38. *See also McCoy v. Commissioner,* 696 F.2d 1234, 1237 (9th Cir. 1983).

The decision of the tax court is AFFIRMED.