Wayne **DUHON** and George Duhon

v.

**KOCH EXPLORATION CO., et al.**

Curtis J. **PRICE**

v.

**KOCH EXPLORATION CO., et al.**

Timothy J. **FRUGE**

v.

**KOCH EXPLORATION CO., et al.**

Civ. A. Nos. 83–2379, 83–3275 and 85–2070.

United States District Court, W.D. Louisiana, Lake Charles Division.

Feb. 24, 1986.

**926**

Aubrey E. Denton, Shelton & Legendre, Lafayette, La., for plaintiffs Wayne and George Duhon.

William B. Baggett and Robert C. McCall, Baggett, McCall & Ranier, Lake Charles, La., for Curtis J. Price.

Richard W. Beard, Neblett, Beard & Arsenault, Alexandria, La., for Timothy J. Fruge.

Robert W. Booksh, Jr. and David W. Leefe, Liskow & Lewis, New Orleans, La., for defendants Koch Exploration and Koch Industries, Inc.

James R. Nieset, Plauche, Smith & Nieset, Lake Charles, La., for Weaver Exploration Co.

Ellis J. Daigle, Ardoin & Daigle, Eunice, La., for intervenor First Acadiana Bank.

## RULING

VERON, District Judge.

This matter comes before the Court upon the motion of defendants, Koch Exploration Company and Koch Industries, Inc., to strike the jury demand of plaintiffs, Curtis J. Price and Timothy Fruge in this consolidated action. The motion gives rise to several considerations due to the hybrid nature of this consolidated action under the Federal Rules of Civil Procedure, which embody the 1966 merger of the civil and admiralty rules. *See generally,* G. Gilmore & C. Black, The Law of Admiralty 2, 19 (2d ed. 1975). While there is no novelty in conducting a joint trial of claims in admiralty and claims at law, such a consolidation presents procedural issues which profoundly affect the rights and remedies available to the parties. As the determination of these issues depends upon whether the causes of action alleged are characterized as arising under this Court's jurisdiction "in admiralty" or "at law," it is necessary to examine the manner in which each plaintiff has framed his action.

Each of these actions arise from the alleged allision between the M/V CAPTAIN JUDE, a shrimpboat owned by plaintiff Wayne Duhon and being delivered for sale to plaintiff George Duhon, and some sort of submerged structure owned by defendants in the Gulf of Mexico on or about July 14, 1983. On or about September 22, 1983, plaintiffs Wayne Duhon and George Duhon commenced suit against defendants in the Thirty-Eighth Judicial District Court for the Parish of Cameron, State of Louisiana, alleging damages sustained in the loss of the M/V CAPTAIN JUDE, which sank as a result of the allision. After the Duhons amended their state court petition to demand a trial by jury, defendants Koch Exploration and Koch Industries, Inc. [hereinafter collectively referred to as "Koch"] removed the action to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332.

On December 30, 1983, plaintiff Curtis J. Price, Captain of the M/V CAPTAIN JUDE, commenced suit before this Court alleging damages as a result of the personal injuries he sustained as a result of the aforesaid allision. Paragraph 3 of Price's complaint states: "This is a case of admiralty in maritime jurisdiction, as hereinafter more fully appears." In the closing paragraph of the complaint, however, Price "prays that this cause be tried by a jury."

On July 11, 1984, this Court ordered that the Duhons' cause of action be consolidated with that of Price pursuant to Rule 42. Subsequent to that consolidation, Koch filed a third-party complaint for indemnity and/or contribution against Wayne Duhon, George Duhon and Curtis J. Price on October 15, 1984. The Court takes note that despite the consolidation of the two actions,

they are still treated as being separate and distinct so that it is not improper to name the plaintiff in one action as a third-party defendant in the other action with which it has been consolidated.[1] In paragraph 8 of the third-party complaint, Koch invokes the application of Rule 14(c),[2] thereby tendering third-party defendant Price as a direct defendant to the Duhons in CV No. 83–2379.[3] In paragraph 13 of the third-party complaint, Koch similarly invokes Rule 14(c) to pose the third-party defendants George Duhon and Wayne Duhon as direct defendants to Curtis J. Price in CV No. 83–3275.

On April 18, 1985, Price was allowed to amend his complaint, adding his spouse as a plaintiff, adding Weaver Exploration Company as a defendant, alleging diversity jurisdiction and demanding a trial by jury. Koch opposed such amendment principally on the ground that its invocation of Rule 14(c) made it impossible for this Court to obtain diversity jurisdiction because non-diverse parties, i.e., George Duhon and Wayne Duhon, were posed as direct defendants to the plaintiff Price.[4]

On July 15, 1985, plaintiff Timothy J. Fruge filed a complaint against Koch Exploration Company, Koch Industries, Inc.

and Wayne Duhon, alleging jurisdiction pursuant to the Jones Act and the General Maritime Law and seeking a trial by jury. As alleged, Fruge was employed by Wayne Duhon as a seaman aboard the M/V CAPTAIN JUDE at the time of the vessel's allision with the submerged structure of Koch. On September 27, 1985, Fruge's cause of action, CV No. 85–2070, was consolidated with those of Wayne Duhon, George Duhon, and Curtis J. Price. Koch amended its third-party complaint in the Price action, CV No. 83–3275, to include Fruge as a third-party defendant and tender Fruge as a direct defendant to Price pursuant to Rule 14(c). Additionally, Koch filed a third-party complaint against Curtis J. Price and Weaver Exploration Company, tendering said third-party defendants as direct defendants to Fruge, in CV No. 85–2070, under Rule 14(c). Koch has now moved to strike the jury demands of Price and Fruge, contending that their complaints state admiralty and maritime claims within the meaning of Rule 9(h), Fed.R.Civ. Pro., and that a jury trial of such claims is inappropriate under the present circumstances. The Court finds Koch's contentions to be without merit, and will address the issues relative to each plaintiff.[5]

---

**1.** Case consolidation does not "merge" the cases, or make a party to one action a party to the action with which it is consolidated. *Oelze v. C.I.R.,* 723 F.2d 1162, *reh. denied* 726 F.2d 165 (5th Cir.1983). Thus, a party to one action "may cause a [third-party] complaint to be served upon a person not a party to the action" but who *is* a party to the action with which it has been consolidated. *See* Rule 14(a).

**2.** Federal Rule of Civil Procedure 14(c) provides:

Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as

to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

**3.** As discussed *infra,* this is a wholly improper use of Rule 14(c) because the cause of action filed by the Duhons was removed to this Court *solely* on the basis of diversity jurisdiction and the Duhons' complaint does not assert an admiralty or maritime claim within the meaning of Rule 9(h).

**4.** This same argument is urged in support of the motion presently under consideration.

**5.** Koch does not dispute the propriety of a jury trial on the claims of Wayne Duhon and George Duhon, as their cause of action (CV No. 83–2379) was removed to this Court by Koch on the basis of diversity of citizenship. Because the Duhons' cause of action is on the law side of this Court, however, Koch improperly attempts to invoke the application of Rule 14(c) by tendering Curtis J. Price and Timothy J. Fruge as direct defendants to the Duhons.

*Curtis J. Price (CV No. 83–3275)*

Koch urges Price's demand for a jury trial should be stricken because there is no complete diversity of citizenship between the parties and the only jurisdictional basis of this suit (CV No. 83–3275) lies in admiralty, 28 U.S.C. § 1333. Koch furthermore contends that it will be unduly prejudiced if Price is permitted to shift from the "admiralty side" of the court to the "law side" because it will lose the valuable benefits of Rule 14(c) and because the filing of the amended complaint came some sixteen months after the institution of this proceeding.

In his second amended complaint, Price again prays for a jury trial but also states: "This is a maritime tort case with diversity jurisdiction with the minimum jurisdictional amount being met." Koch argues, however, that there is not complete diversity because its Rule 14(c) third-party complaint against George Duhon and Wayne Duhon poses two Louisiana residents as direct defendants to Price, also a Louisiana resident.[6] Thus, Koch argues that its Rule 14(c) third-party complaint precludes Price's subsequent invocation of diversity jurisdiction. The Court finds this line of reasoning to be without merit. In essence, Koch desires to characterize the amended complaint as a new proceeding, which it is not. Koch's position furthermore fails to recognize the inherent power of the plaintiff, as pleader, to determine procedural consequences under Federal Rule of Civil Procedure 9(h).

The amendment to the complaint, just as the amendment of a pleading to add or withdraw a statement identifying an admiralty and maritime claim under Rule 9(h), is governed by the principles of Rule 15. Under Rule 15(c),[7] Price's assertion of diversity jurisdiction relates back to the date of the filing of his original complaint. Because Koch's third-party complaint was, necessarily, filed subsequent to that date, it cannot serve to create the "jurisdictional defect" alleged by Koch and will not preclude plaintiff from asserting the diversity jurisdiction which he may have originally asserted.

While Koch may desire to retain the procedural benefits of Rule 14(c) by having the suit proceed in admiralty, the plaintiff's original choice of the admiralty side was not an irrevocable election. *Fisher v. Danos,* 671 F.2d 904, 905 (5th Cir.1982); *Doucet v. Wheless Drilling Co.,* 467 F.2d 336, 339 (5th Cir.1972); *see also* Notes of Advisory Committee on Rule 9(h), 1966 Amendment. Clearly, it is the plaintiff who has the power of determining procedural consequences under the Federal Rules of Civil Procedure by the manner in which he chooses to frame his pleadings. *See Doucet, supra; see also Rachal v. Ingram Corp.,* 600 F.Supp. 406, 407 (W.D.La.1984); Wright & Miller, Federal Practice & Procedure § 1314 (1969). Because Price has now amended his complaint to assert diversity jurisdiction and has *not* requested that this action be identified as "an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims" in accordance with Rule 9(h), the action has been shifted from the admiralty side to the law side of this Court.[8] Price

As a proceeding at law, Rule 14(a) governs Koch's third-party complaint against Price.

**6.** Rule 14(c) provides that, as a result of being filed, "... the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff." See note 2, *supra.* In the Notes of Advisory Committee on Rules, the Committee remarks that such a result was also originally incorporated in Rule 14, applying to all civil actions. One reason why it was eliminated by the 1946 amendment to the rule "... was that where jurisdiction depended on diversity of citizenship the impleader of an adversary having the same citizenship as the plaintiff was not considered possible."

**7.** Rule 15(c) provides: "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

**8.** Under Rule 9(h), no specific "identifying statement" is needed "[i]f the claim is cognizable only in admiralty," and the parties will not be

therefore is entitled to a jury trial "in accordance with the principles governing civil actions generally." *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975). As such, Koch's third-party complaint is now governed by the provisions of Rule 14(a) and it is no longer entitled to the benefits of Rule 14(c). *See Lirette v. Popich Bros. Water Transport, Inc.*, 699 F.2d 725, 727 n. 6 (5th Cir.1983).

The Court is unpersuaded by Koch's contention that it will be unfairly prejudiced by this result. While the plaintiff's "shift" from the admiralty side to the law side came sixteen months after the commencement of the action, it nevertheless occurred a year before the presently scheduled trial date. Moreover, Price's cause of action has been consolidated with the diversity action of George Duhon and Wayne Duhon since less than six months after the filing of Price's complaint, and Koch therefore knew that the presentation of the consolidated case was going to be made to a jury even though the Court would act as the ultimate fact-finder as to the Price action. *Cf., Doucet, supra* at 341 n. 5 ("For defense counsel to shift on short notice from preparing defense of a non-jury trial to preparing defense of a jury trial may pose difficulties.") In finding an utter lack of prejudice to Koch as a result of the date of filing of Price's amended complaint, the Court also observes that Price's original pleading set forth facts showing that the parties were of diverse citizenship and in-

cluded a jury demand, despite the fact that Price did not assert diversity jurisdiction.[9] As such, Koch is presumed to have known that Price could have chosen to proceed on the law side of the court and that Price's initial choice to proceed in admiralty was not an irrevocable election under the established law discussed above.

*Timothy J. Fruge (CV No. 85–2070)*

■ As in the action of Curtis J. Price, Koch similarly moves that plaintiff Fruge's jury demand be stricken because Fruge's complaint provides that it is brought "under the Admiralty and Maritime Jurisdiction pursuant to ... the Jones Act (46 USCA 688) and pursuant to the General Maritime Law of the United States of America.... Alternatively, jurisdiction is based on 28 USC 1331 as this action arises under the Constitution, laws, or treaties of the United States...." At first blush, Koch's position seems meritorious in light of the fact that Fruge's complaint reads that the suit is in admiralty pursuant to the Jones Act. Certainly, the Jones Act has been recognized to afford an injured seaman the choice of proceeding either in admiralty without a jury or at law with a jury. *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 390–91, 44 S.Ct. 391, 395, 68 L.Ed. 748 (1923); *Texas Menhaden Co. v. Palermo*, 329 F.2d 579, 580 (5th Cir.1964). But because Fruge's complaint requests a trial by jury, and also references federal question jurisdiction under 28 U.S.C. § 1331, this Court views Fruge's Jones Act claim

---

entitled to a trial by jury. When the pleadings show that both admiralty and some other basis of federal jurisdiction exist, however, the plaintiff must employ an "identifying statement" in accordance with Rule 9(h) in order to be entitled to the admiralty procedures and remedies, including a nonjury trial. *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir.1975). Because a Rule 9(h) declaration has not been made by Price, and because a non-maritime ground for subject matter jurisdiction exists, Price "therefore is entitled to a jury trial 'in accordance with the principles governing civil actions generally'." *Id., citing* Moore, Federal Practice, ¶ 38.–35[1], at 271; *see also Oroco Marine, Inc. v. National Marine Service, Inc.*, 71 F.R.D. 220, 221 (S.D.Tx.1976); *compare T.N.T. Marine Service v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.1983) (no

right to a jury trial where the complaint did contain a Rule 9(h) declaration even though diversity jurisdiction existed as well) *with Lirette v. Popich Bros. Water Transport, Inc.*, 699 F.2d 725, 727 n. 6 (5th Cir.1983) (defendant not entitled to benefits of Rule 14(c) where plaintiff's complaint—based on the Jones Act and the General Maritime Law, "did not expressly contain" a Rule 9(h) declaration).

9. The civil coversheet, however, indicates that jurisdiction is based "on the maritime laws of the United States; on the basis of diversity; and on the laws of the State of Louisiana." If Price originally intended to bring his case on law side of the Court under diversity jurisdiction, however, his original complaint was far from making it clear.

against Wayne Duhon as sitting on the law side. Clearly, no right to a jury trial would exist if Fruge brought his Jones Act claim in admiralty, unless the Great Lakes Act, 28 U.S.C. § 1873, applied.[10a] The Court therefore must presume that where the Jones Act claim is coupled with a jury demand, it is its civil jurisdiction which is invoked, and Fruge will receive a jury trial.[10b]

Fruge's other claims, however, remain on the admiralty side of the Court. In opposing Koch's motion to strike his jury demand, Fruge strenuously contends that he never designated *any* of his claims as being Rule 9(h) admiralty actions. As previously discussed,[11] however, no such desig-

nation is required "[i]f the claim is cognizable only in admiralty." Fed.R.Civ.Pro. 9(h). Unlike the admiralty and maritime claims of plaintiffs George Duhon, Wayne Duhon and Curtis J. Price, over which the Court has jurisdiction *at law* by virtue of diversity of citizenship,[12] the admiralty and maritime claims asserted by Fruge are cognizable *only* in admiralty because there is not complete diversity in Fruge's suit. Fruge therefore has no choice but to proceed in admiralty with regard to his claims arising under the General Maritime Law.[13]

While this Court's jurisdiction over Fruge's claims is thus based both on the law side and the admiralty side, Fruge is yet entitled to a jury trial on his maritime

**10a.** 28 U.S.C. § 1873 provides:
> In any case of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons or upward, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes, the trial of all issues of fact shall be by jury if either party demands it.

**10b.** While the Court is also persuaded by the fact that Fruge pleaded federal question jurisdiction in the alternative, there might be some question as to whether Fruge included that reference only because "there is a federal question involving the interpretation of 33 USC § 490 [sic]." Fruge's Memorandum in Opposition to Defendant's Motion to Strike the Jury Demand, p. 2. If Fruge intended his claims against Koch under the Wreck Statute, 33 U.S.C. § 409, to arise under 28 U.S.C. § 1331, he is mistaken. The Wreck Statute is a federal *criminal* statute, which nevertheless "reflects a legislative judgment of the standard of care to which owners of sunken vessels should be held in civil actions." *Morania Barge No. 140, Inc. v. M. & J. Tracy, Inc.,* 312 F.2d 78, 80 (2d Cir.1962). While violation of the statutory duties is evidence of negligence and may give rise to the liability of the owner of the sunken or submerged vessel, this Court is only aware of such liability being imposed in suits *in admiralty* (apart from where an action is maintained under the Suits in Admiralty Act against the United States). *Humble Oil & Refining Co. v. Tug Crochet,* 422 F.2d 602 (5th Cir.1970); *Ingram Corp. v. Ohio River Co.,* 505 F.2d 1364 (6th Cir.1974); *Chesapeake Bay Bridge & Tunnel District v. Lauritzen,* 404 F.2d 1001, 1004 (4th Cir.1968); *Morania Barge No. 140, Inc., supra.* As has been noted, the Wreck Statute is simply declaratory of the obligation to

exercise due care which exists under the General Maritime Law. *THE YFNX–6,* 156 F.Supp. 325, 333 (D.Md.1957), *aff'd. sub. nom.* 262 F.2d 559 (4th Cir.1959). The statute itself *does not* establish a substantive maritime right under which Fruge's cause of action "arises" for purposes of 28 U.S.C. § 1331. As such, the only basis for federal question jurisdiction in the case at bar is pursuant to the Jones Act, 46 U.S.C. § 688, and any civil breach of the duties imposed by the Wreck Statute is jurisdictionally grounded in admiralty.

**11.** Note 8, *supra.*

**12.** The Duhons and Price may maintain their maritime causes of action on the law side of this Court by virtue of the "saving to suitors" clause set forth in 28 U.S.C. § 1333. This clause serves to "save" plaintiffs the right to enforce their maritime causes of action in a law court; i.e., a state court or a federal court that has jurisdiction at law due to diversity or federal question jurisdiction. Because the Duhons and Price have more than one basis of jurisdiction to bring their maritime claims, their election not to make a Rule 9(h) declaration means that their actions shall proceed *at law.* *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249, 1252 (5th Cir.1975).

**13.** The claims of Fruge which are cognizable only under the admiralty jurisdiction of the Court are for maintenance and cure, unseaworthiness, and for violation of the Wreck Statute, 33 U.S.C. § 409. As discussed previously, *supra* note 10b, the Wreck Statute does not establish any substantive maritime rights which causes of action might "arise under" for purposes of federal question jurisdiction, but it simply reflects various obligations of due care existing under the General Maritime Law.

as well as his Jones Act claims. In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, 1963 A.M.C. 1093 (1963), the Supreme Court held that a plaintiff who asserts a Jones Act claim at law, demanding a trial by jury, has the right to have his maritime claims for unseaworthiness and maintenance and cure determined by the jury as sole fact-finder.[14] In accordance with the well-established case precedent, Fruge is certainly entitled to a jury trial in the interests of fairness and effective judicial administration. *Id.*

This does not mean, however, that Fruge's entire action is to be characterized as one at law. Fruge's entitlement to a jury trial on admiralty claims joined with a Jones Act claim does not result in the admiralty claims becoming pendent to the Jones Act claim on the law side of the Court. *Haskins v. Point Towing Co.*, 395 F.2d 737, 741–43, 1968 A.M.C. 1193 (3d Cir.1968), *subseq. app.* 421 F.2d 532, *cert. denied* 400 U.S. 834, 91 S.Ct. 68, 27 L.Ed.2d 66[15]; *Fawcett v. Pacific Far East Lines, Inc.*, 76

F.R.D. 519, 520–21 (N.D.Cal.1977); *Saus v. Delta Concrete Co.*, 368 F.Supp. 297, 297–98 (W.D.Pa.1973). Fruge's claims for maintenance and cure, unseaworthiness, and for violation of the Wreck Statute, 33 U.S.C. § 409, are yet within the cognizance of this Court *solely* in admiralty.[16] Because Koch is posed as a defendant only on the admiralty side of this Court, its Rule 14(c) joinder of Weaver Exploration Company and Price is entirely proper. Fruge's maritime claims are therefore to be governed according to the traditional rules of practice in admiralty, even though he is entitled to a jury trial under *Fitzgerald.*

*Conclusion*

The joint trial of these claims at law and in admiralty, as well as the consolidation of the four plaintiffs' actions, has been allowed in accordance with the best interests of fairness and of the efficient administration of justice. The joinder of claims "in admiralty" with claims "at law" serves these interests, even though the characterization of those claims may "wake[ ] echoes

14. Delivering the opinion of the Court, Mr. Justice Black stated:

"Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery."
In light of these considerations, Mr. Justice Black concluded:

"Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent

under the present congressional enactments to try all the claims. Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. 374 U.S. at 18–21, 83 S.Ct. at 1649–50. *See also Moncada v. Lemuria Shipping Corp.,* 491 F.2d 470, 473 (2d Cir.1974).

15. "*Fitzgerald* has made it clear that the reason for trial by jury in claims for unseaworthiness and maintenance and cure is not that they are actions at law, but rather that there should be one fact finder and that when they are joined with the Jones Act claim under which a right of trial by jury is guaranteed, they, too, may be tried by the same jury. The Court in *Fitzgerald* did not justify its decision by characterizing the claims for unseaworthiness and maintenance and cure as having been brought on the law side, but instead specifically declared that it was creating a right to trial by jury in admiralty cases in the interest of judicial administration by virtue of the power left to it by Congress to fashion the controlling rules of admiralty law." 395 F.2d at 741–42, *citing Fitzgerald v. United States Lines, supra,* 374 U.S. at 20–21, 83 S.Ct. at 1650.

16. See note 10b, *supra,* regarding Fruge's claims against Koch under the Wreck Statute, 33 U.S.C. § 409, as being grounded in admiralty.

in the deepest metaphysics of admiralty." [17] Inartful pleading by the parties, as in the case at bar, does not serve to facilitate the characterization. Nevertheless, the explicit provisions of Rule 9(h) effectively define "admiralty and maritime claims" and the determinations herein set forth have been made in accordance with that Rule. Pursuant to the foregoing analysis, Koch's motion to strike plaintiffs' jury demands is DENIED, and all parties will receive a jury trial. The Court furthermore ORDERS that Koch's third-party demands are to proceed under Rule 14(c) *only* in the matter of *Fruge v. Koch Exploration Co.*, CV No. 85–2070.

---

17. G. Gilmore & C. Black, The Law of Admiralty 33 n. 118 (1957). Subsequent to the time when these renowned publicists first made this remark, however, the 1966 joinder of the civil and admiralty rules served to simplify the task of characterizing claims by virtue of Rule 9(h). Although Rule 9(h) serves as an effective tool, inartful pleading by plaintiffs yet complicates the characterization. Wright and Miller suggest that when a plaintiff who has alternative bases of jurisdiction wishes to avail himself of the special admiralty rules, he should follow his jurisdictional allegation with the statement that: "This is an admiralty or maritime claim within the meaning of Rule 9(h)." Wright & Miller, Federal Practice & Procedure § 1313, at p. 454 (1969).